IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLY WAYNE WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:05cv354 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Billy Wayne Williams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of an escape conviction which he received on July 31, 1985. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams made clear in his petition and memorandum in support that he was challenging the 1985 conviction. He complained that he was being prosecuted again for acts for which he had received a prior murder conviction, that his guilty plea to the escape charge was involuntary, he received ineffective assistance of counsel in the escape conviction, and the relief that he seeks is that the Court set aside the escape conviction.

On October 24, 2005, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed that this was the second federal habeas corpus petition which Williams had filed concerning this escape conviction. The first such petition was styled Williams v. McLeod, civil action no. 6:91cv645. In that case, court records show that the Respondent was ordered to answer and filed a motion for summary judgment, which was granted

1

on April 9, 1992. Williams filed an appeal, but his request for a certificate of probable cause was denied by the Fifth Circuit on April 29, 1992.

Under 28 U.S.C. §2244(b)(3), an applicant seeking to file a second or successive habeas corpus petition in federal district court must first move in the Court of Appeals for an order authorizing the district court to consider the application. The Magistrate Judge stated that Williams had not shown that he had obtained permission from the Fifth Circuit to file a successive petition, nor that he had even sought to do so. The Magistrate Judge therefore recommended that the petition be dismissed until such leave was obtained.

Williams filed untimely objections to the Magistrate Judge's Report. The Court has reviewed these objections in the interest of justice. In his objections, Williams says that his petition should not be considered successive because his prior conviction was used for enhancement purposes. However, as noted above, Williams made clear that he is not challenging the conviction which was enhanced, but rather the validity of the 1985 conviction.

Williams next says that the claim "creates jurisdictional and structural defects" that cannot be waived or barred, including the complete actual or constructive denial of counsel in his escape proceeding and subjection to double jeopardy. This is a reversion to his challenge to the 1985 conviction, which has been adjudicated once already in this Court. Williams reiterates his contention that his plea of guilty to the escape conviction was not voluntary and that he was denied effective assistance of counsel when his attorney advised him to plead guilty to the escape charge. Williams explains that the murder charge for which he had already been convicted was an "essential element" of the felony escape charge, and that the murder conviction was simultaneously used to enhance his punishment and to elevate the charge from a third-degree felony to a second-degree felony. This claim also goes to the validity of the escape charge, which has already been adjudicated once in this Court, rendering his petition successive. Williams' objections are without merit.

The Court further notes that in <u>Lackawanna County v. Coss</u>, 532 U.S. 394, 121 S.Ct. 1567 (2001), the Supreme Court held that once a state conviction is no longer open to direct or collateral

attack in its own right, because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the conviction may be regarded as conclusively valid. Thus, if the conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under Section 2254 on the ground that the prior conviction was unconstitutionally obtained. Lackawanna County, 532 U.S. at 403-404, 121 S.Ct. at 1574.

In this case, Williams pursued his challenges to the validity of the 1985 escape conviction all the way to an appeal to the Fifth Circuit, which denied his request for a certificate of probable cause after his Section 2254 petition was denied in the district court. As a result, this conviction may be regarded as "conclusively valid," obviating any challenge to the validity of his present conviction on the ground that it was improperly enhanced by the escape conviction.

Williams seeks to evade Lackawanna County by saying that that case made an exception for claims of denial of counsel, and he contends that his attorney's performance in the 1985 conviction amounted to an "actual or constructive denial of counsel." The Court need not decide this question at this time because Williams' challenge to the 1985 conviction has already been rejected once by this Court; to the extent that he wishes to pursue habeas corpus relief on the ground that he was actually or constructive denied counsel in the 1985 petition, he must obtain leave from the Fifth Circuit to do so. Williams' objections are without merit even had they been filed timely.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and memorandum in support, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the parties are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice until such time as Williams obtains permission from the Fifth Circuit to file a successive habeas petition, but without prejudice to Williams' right to seek habeas corpus relief on any conviction other than the 1985 escape conviction which is at issue in this case. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 19th day of December, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE